# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUEN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CSATF WARDEN, et al.,<br><br>　　　　　Respondents. | Case No. 1:17-cv-00207-SAB-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact

or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

In the instant petition, Petitioner challenges a rules violation report for disobeying orders. (ECF No. 1 at 1).[1] Petitioner alleges that multiple officers at the California Substance Abuse Treatment Facility at Corcoran engaged in misconduct and falsified said rules violation report. (Id. at 4). The petition does not state whether Petitioner was penalized with any credit loss or a term in the Security Housing Unit ("SHU"). (Id. at 1). If Petitioner did not lose any credit and was not sentenced to a SHU term, success on Petitioner's challenge to the rules violation report would not necessarily lead to immediate or earlier release from custody,[2] and Petitioner must instead bring his claims under § 1983. See Nettles, 830 F.3d at 935. Therefore, Petitioner must inform the Court whether he lost any credit or was sentenced to a SHU term, and if possible, provide the Court with a copy of the rules violation report he challenges in the instant petition and any appeals decision.

## II.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within THIRTY (30) days from the date of service of this order why the petition should not be dismissed for lack of jurisdiction pursuant to Nettles.

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] Speedier release from custody also includes reduction of the level of custody. See Nettles v. Grounds, 788 F.3d 992, 995 (9th Cir. 2015) (citing Skinner, 562 U.S. at 535 n.13), on reh'g en banc, 830 F.3d 922 (9th Cir. 2016).

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: __**February 28, 2017**__

UNITED STATES MAGISTRATE JUDGE