# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CSATF WARDEN, et al.,<br><br>　　　　Respondents. | Case No. 1:17-cv-00207-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO ASSERT CLAIMS UNDER 42 U.S.C. § 1983<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PETITIONER CIVIL RIGHTS COMPLAINT FORM |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 4).

## I.

## DISCUSSION

**A. Habeas Jurisdiction**

On February 28, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction pursuant to Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc). (ECF No. 3). On April 6, 2017, Petitioner filed his response. (ECF No. 6).

As discussed in the Court's previous order, a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles, 830 F.3d at 934 (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Skinner v. Switzer, 562 U.S. 521,

535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13). In the instant petition, Petitioner challenges a rules violation report ("RVR") for which he was penalized with "loss of all yards for 30 days straight" and "loss of all dayrooms for 30 days straight." (ECF No. 6). As Petitioner was not penalized with any credit loss, success on Petitioner's challenge of the RVR would not necessarily lead to immediate or earlier release from custody. Accordingly, Petitioner has failed to establish that the Court has habeas jurisdiction over this matter under Nettles.

### B. Conversion to § 1983 Civil Rights Action

Petitioner may convert his petition to a civil rights action under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to amend his pleading to state facts supporting his claims and to seek the appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1).[1]

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned

---
[1] The Court notes that Petitioner has not applied to proceed in forma pauperis in the instant case.

that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

## II.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office is DIRECTED to send Petitioner a civil rights complaint form;
2. Within **THIRTY (30) days** from the date of service of this order, Petitioner shall either:
   a. submit a civil rights complaint that states facts supporting his claims and seeks appropriate relief;[2] OR
   b. voluntarily dismiss the instant action without prejudice to refiling his claims in a § 1983 action;
3. If Petitioner fails to submit a civil rights complaint, the Court will dismiss the instant action without prejudice to Petitioner refiling his claims in a § 1983 action.

IT IS SO ORDERED.

Dated: **April 10, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[2] The complaint should refer to case number 1:17-cv-00207-SAB.

3